IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William R. Ingram, | ) | C/A No.  3:11-391-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kershaw County School District, and Dr. Frank Morgan, Scott Jones, and John Thompson, in their individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, William R. Ingram ("Ingram"), filed this civil action in state court. On February 17, 2011, the defendants removed the case to federal court, stating that Ingram's complaint raised a claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Ingram's motion to remand (ECF No. 6). On March 24, 2011, the parties filed a stipulation of dismissal in which all parties agreed "to the dismissal **WITH PREJUDICE** of all of the Federal age discrimination claims only in this Civil Action and that all the Plaintiff's Federal age discrimination claims in this Civil Action are forever barred." (ECF No. 11) (emphasis in original). In light of this stipulation, the defendants stated that they do not object to Ingram's motion to remand the remaining state-law claims to state court. (ECF No. 12.)

PJG

Therefore, the court recommends that Ingram's motion (ECF No. 6) be granted and that this action be remanded to state court for further proceedings.

                                                   _____
                                                   Paige J. Gossett
                                                   UNITED STATES MAGISTRATE JUDGE

April 25, 2011
Columbia, South Carolina

                 *The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).